**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 25-cv-1002-RMR

ALFREDO MUNOZ RAMIREZ, also known as Dayana Munoz Ramirez,[1]

      Petitioner,

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States,
ROBERT GUADIAN, in his official capacity as Field Office Director, Denver, U.S.
Immigration and Customs Enforcement,
KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland
Security,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs
Enforcement, and
DAWN CEJA, in her official capacity as warden of the Aurora Contract Detention
Facility,

      Respondents.

---

**ORDER**

---

      This matter is before the Court on Petitioner's Motion to Enforce the Judgment.

ECF No. 23. On May 5, 2025, this Court ordered that "[o]n or before May 12, 2025,

Respondents shall take Petitioner before an impartial adjudicator for a constitutionally

adequate, individualized bond hearing." *Ramirez v. Bondi*, No. 25-CV-1002-RMR, 2025

WL 1294919, at *8 (D. Colo. May 5, 2025). On May 19, 2025, Respondents filed a Status

---

[1] On April 29, 2025, this Court issued a Minute Order stating it was amending the caption to reflect the
real party of interest, Alfredo Munoz Ramirez a/k/a Dayana Munoz Ramirez, because Fed. R. Civ. P.
10(a) requires the caption contain the name of all parties. ECF No. 12. In their filings, both parties
continue to use the wrong caption. *See* ECF Nos. 23, 25, 28-30.

Report Regarding Compliance with the Court's May 5, 2025, order, reporting that Petitioner Dayana Munoz Ramirez ("Petitioner" or "Ms. Ramirez") received a bond hearing and was granted bond on May 14, 2025. ECF No. 15. On or about October 13, 2025, Petitioner was detained by local law enforcement in Austin, TX. She was transferred to U.S. Immigration and Customs Enforcement ("ICE") custody in Texas on October 17, 2025. Petitioner claims that the government's re-detention of her violates this Court's order and judgment. ECF No. 23 at 3. She asks this Court for an immediate order requiring her release. *Id.* at 5. This Court is not convinced that Petitioner's re-detention violates this Court's order, and thus, **DENIES** the relief requested.

## I.    BACKGROUND[2]

Ms. Ramirez is a transgender woman from El Salvador.[3] She first entered the United States in 1993 as a teenager. She was removed to El Salvador in December 2016, where she first started living publicly as a woman. She re-entered the United States around May 2019. The record indicates she has multiple criminal convictions in the United States, involving vehicle theft, possession of marijuana, and assault, some of which occurred before her removal in 2016, and at least one conviction related to vehicle theft that occurred since she returned to the United States in 2019.

---

[2] The Court takes the facts from the Court's order in Ramirez v. Bondi, No. 25-CV-1002-RMR, 2025 WL 1294919, at *1 (D. Colo. May 5, 2025), the parties' briefing, ECF Nos. 23, 28, 30, and attached exhibits, ECF Nos. 23-1, 23-2, 28-1.

[3] Petitioner's sex assigned at birth was male and her legal name is Alfredo Munoz Ramirez. Although she has not had the opportunity to legally change her name, Petitioner is a transgender woman and uses the name Dayana and she/her pronouns. The Court refers to her accordingly.

Beginning in November 2023, she was detained at the Aurora ICE Detention Center in Aurora, CO, under 8 U.S.C. § 1231, while she awaited decisions from the Tenth Circuit Court of Appeals ("Tenth Circuit") on her appeals of multiple Board of Immigration Appeals ("BIA") decisions related to her order of removal. Under § 1231, "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." § 1231(a)(1). However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order—"may be detained beyond the removal period." § 1231(a)(6).

On March 28, 2025, Ms. Ramirez filed a Petition of Writ of Habeas Corpus ("Habeas Petition"), ECF No. 1, and Petitioner's Motion for Temporary Restraining Order ("TRO"), ECF No. 2. On May 5, 2025, this Court granted in part and denied in part Ms. Ramirez's Habeas Petition and denied as moot her TRO because after 505 days of detention, this Court held that her detention had become so prolonged as to violate due process. *See Ramirez*, 2025 WL 1294919, at *7. This Court found that Ms. Ramirez's "continued detention require[d] an individualized bond hearing before an [Immigration Judge ("IJ")] in order to comport with due process." *Id.* This Court ordered that:

> On or before May 12, 2025, Respondents shall take Petitioner before an impartial adjudicator for a constitutionally adequate, individualized bond hearing, in which (1) [Respondents] bear[] the burden of establishing by clear and convincing evidence that continued detention is justified; (2) the adjudicator is required to meaningfully consider alternatives to imprisonment such as community-based alternatives to detention including conditional release, parole, as well as Petitioner's ability to pay a bond; (3) the adjudicator may not give undue weight to allegations underlying

dismissed criminal charges; (4) the adjudicator may not place undue weight on unauthenticated or antiquated documents regarding alleged criminal legal contacts; and (5) the adjudicator must take into consideration Petitioner's mental health diagnoses and trauma when considering criminal legal contacts.

*Id.* at *8. On May 14, 2025, the IJ issued an order granting Ms. Ramirez's release from custody under a bond of $8,000.00. ECF No 23-1 at 4. The IJ found that Respondents failed to meet their burden of establishing that Ms. Ramirez would be a danger in the community, in part, because Respondents failed to provide "any criminal conviction documents related to any other conviction besides" a conviction in 1997 and two convictions in 2007 that "occurred over a decade and a half ago." ECF No. 23-1 at 5. Respondents' records referred to a June 15, 2022, arrest and a November 9, 2023, conviction, but Respondents failed to submit criminal records of the more recent criminal conduct. *Id.* The IJ also found that Respondents failed to establish that Ms. Ramirez would be a flight risk. *Id.* at 6. Upon release, Ms. Ramirez was placed in ICE's Alternatives to Detention Intensive Supervision Appearance Program ("ADT-ISAP"). ADT-ISAP imposed certain conditions on Ms. Ramirez, including a condition that she does not use illegal drugs of any kind or commit any criminal acts.[4] ECF No. 28 at 5. On July 7, 2025, Respondents filed their notice of appeal of this Court's decision granting a bond hearing. ECF No. 17. On July 24, 2025, this Court entered final judgment in the Habeas Petition

---

[4] The Respondents provided the Court a copy of the rules for ICE's Alternatives to Detention Intensive Supervision Appearance Program ("ADT-ISAP") in Spanish, ECF No. 28-1 at 13-16, but did not provide an English translation.

matter and ordered the case closed. ECF No. 22. The appeal is still pending with the Tenth Circuit.

On May 27, 2025, Ms. Ramirez was released from detention and moved to Austin, TX, to live with her sponsor. ECF No. 23-2 at 2. Ms. Ramirez asserts she has complied with all the requirements set forth by ICE. ECF No. 23-2 at 3. Respondents do not contest that she complied with her bond conditions until on or about October 13, 2025, when she was stopped by local law enforcement in Austin, TX. Ms. Ramirez initially claimed that she was stopped "for riding a scooter with a broken taillight," and even though "she was not charged with any criminal activity," she was told she was being detained because ICE had a warrant out for her arrest. ECF No. 23 at 3. She believes the warrant is likely related to her removal order, which has been stayed pending the Tenth Circuit's decision regarding the BIA's decisions. *Id.*

The Respondent's Response provides some additional information. It appears that Ms. Ramirez was arrested on or about October 14, 2025 "for possession of controlled substance in violation of Tex. Health & Safety Code § 481.115(b)." ECF No. 28 at 5-6. Tex. Health & Safety Code § 481.115(b) makes it a "state jail felony" to possess less than one gram of a controlled substance listed in Tex. Health & Safety Code §§ 481.102, 481.1022, which includes various opiates. It is unknown which controlled substance Ms. Ramirez was arrested for. On October 16, 2025, the Travis County District Attorney's office in Austin, TX, declined to file felony charges "at this time" in exchange for time served and a condition of no new arrests for 90 days. ECF No. 28-1 at 18. Respondents

argue that she was detained by ICE after being released from state custody because her "drug-crime arrest violated a condition of her release." ECF No. 28 at 6.

## II.    ANALYSIS

First, Ms. Ramirez argues that "without any showing of new facts, post release violations, or danger nullifies the effect of this Court's ruling and constitutes noncompliance with this Court's judgement [sic]." ECF No. 23 at 4. This Court is not convinced that Respondents violated this Court's May 5, 2025, order. The order was to conduct an individualized bond hearing, in which Respondents bore the burden of establishing, by clear and convincing evidence, that continued detention was justified, meaning they had to prove that Ms. Ramirez was a danger to the community or a flight risk. *Ramirez*, 2025 WL 1294919, at *8. That bond hearing took place as ordered. During the bond hearing, Respondents were unable to meet their burden. ECF No. 23-1 at 6. The IJ is authorized to set the conditions of release, which she did. *See* 8 U.S.C. § 1231(a)(3)(D); 8 C.F.R. § 241.4(j)(1); *see also In Re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006) (noting that the Attorney General has delegated its authority to prescribe conditions for noncitizens released on bond to IJs). The Court is not convinced that Mr. Ramirez's re-detention after an arrest for the possession of a controlled substance violates this Court's order for a bond hearing, considering that the bond hearing took place within the parameters ordered by this Court.

Ms. Ramirez also argues that her due process rights were violated because: 1) "a non-prosecuted arrest [] by itself [cannot] establish a violation of immigration release conditions"; and 2) Respondents failed to follow the procedures outlined in 8 C.F.R. §

241.4 when they revoked her release for a violation of the conditions of release without notice and a opportunity to respond. ECF No. 30. Courts around the country indeed have granted habeas relief when the court found that the petitioner's due process rights were violated because the government failed to comply with its own regulations and law, specifically when the government re-detains a petitioner without providing notice "of the reasons for revocation of his or her release" and affording the petitioner an ""initial informal interview" to allow the noncitizen an opportunity to respond to and contest the reasons for revocation" under 8 C.F.R. § 241.4(*l*)(1). *Villanueva v. Tate*, 801 F. Supp. 3d 689, 694 (S.D. Tex. 2025). However, the Court will note in all the cases cited by Ms. Ramirez in her briefs, the petitioner, unlike Ms. Ramirez, had "not been arrested, charged, or convicted of any criminal offense since [their] release." *Id.*

However, this Court need not decide the merits of Ms. Ramirez's due process claim because the Court agrees with Respondents that it does not have jurisdiction to hear her new claim. Section 2241(a) of Title 28 of the United States Code provides in relevant part that "[w]rits of habeas corpus may be granted by . . . the district courts within their respective jurisdictions" when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. As courts in this District have previously observed, "[u]nder the district of confinement rule, which is 'the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.'" *Dvortsin v. Noem*, No. 25-CV-01741-NYW, 2025 WL 1751968, at *3 (D. Colo. June 12, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).

7

There are scenarios where a district court retains jurisdiction of a habeas petition after the petitioner is transferred out of the district court's jurisdiction. *See Valdez v. Joyce*, 803 F. Supp. 3d 213, 219 (S.D.N.Y. 2025) (ordering petitioners' immediate release from a detention center in Texas after finding "[r]espondents' ongoing detention of [p]etitioner, [who had no criminal history and was arrested by ICE after voluntarily attending his immigration court date in New York],  with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond, violates his due process rights"). That is because the district of confinement is measured at the moment the habeas petition is filed.  Specifically, the United States Supreme Court has held that:

> [T]he District Court acquired jurisdiction in this case and that the removal of [Petitioner] did not cause it to lose jurisdiction where a person in whose custody she remains within the district.

*Ex parte Endo*, 323 U.S. 283, 306 (1944).  In the context of this action, Ms. Ramirez was detained in this District and properly filed her Habeas Petition in this Court. But she was not transferred to a facility outside of this District while her Habeas Petition was pending. Instead, her Habeas Petition was resolved when this Court granted in part and denied in part her petition. Final judgment was entered, and the Habeas Petition matter in this District was closed. Thus, Ms. Ramirez must file a new Habeas petition challenging the due process of her re-detention in the district where she is confined.

### III.    CONCLUSION

Consistent with the foregoing, the Court does not find that Respondents violated this Court's order requiring an individualized bond hearing when they re-detained Ms.

Ramirez in Texas after she was arrested, but not charged, by local law enforcement for possession of less than a gram of an unidentified controlled substance. Nor does the Court find that it has the jurisdiction to weigh the merits of Ms. Ramirez's due process claims because the District of Colorado is not the district of confinement. Thus, Petitioner's Motion to Enforce the Judgment, ECF No. 23, is **DENIED.**

DATED: February 18, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge